FILED
AUG 1 0 2005
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY R. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 05C 4565 |
| v. ) | JUDGE BUCKLO |
| ) | |
| MAJESKY AUTOMOTIVE GROUP, INC., ) | |
| d/b/a MATTESON IMPORTS, ) | |
| ) | MAGISTRATE JUDGE SCHENKIER |
| Defendant. ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Nancy R. Murray brings this action to secure redress for a course of conduct that included the accessing of a consumer report on plaintiff without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p ("FCRA").

3. Venue in this District is proper in that defendant does business in this District and in that the mailing that gave rise to the violations of law complained of was directed to and received by plaintiff in this District.

### PARTIES

4. Plaintiff Nancy R. Murray is an individual who resides in the Northern District of Illinois.

1

5. Defendant Majesky Automotive Group, Inc. is an Illinois corporation which conducts an automobile dealer business as Matteson Imports, Matteson Kia, Matteson Volkswagen, and Matteson Isuzu, at I-57 and Route 30, in the Matteson Auto Mall. Its registered agent and office are Burkclaw Agents, Inc., 330 N. Wabash, 22nd floor, Chicago, IL 60611.

## FACTS

6. Subsequent to February 15, 2004, plaintiff Nancy R. Murray received the documents attached as Exhibit A via the United States mail.

7. Defendant sent or caused to be sent to plaintiff Nancy R. Murray the material in Exhibit A.

8. Exhibit A states that the sender had accessed plaintiff Nancy R. Murray's consumer report in the course of determining to send Exhibit A to plaintiff Nancy R. Murray.

9. On information and belief, the sender had in fact accessed plaintiff Nancy R. Murray's consumer report.

10. On information and belief, defendant had a consumer reporting agency identify persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.

11. Plaintiff Nancy R. Murray had not authorized defendant to access plaintiff's consumer report.

12. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

**The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor**

2

> in establishing the consumer's eligibility for—
>
> > (A) credit or insurance to be used primarily for personal, family, or household purposes; . . .

13. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

14. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

15. The requester must certify to the consumer reporting agency that a permissible purpose exists.

16. One "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

17. The sending of the material in <u>Exhibit A</u> does not constitute a permissible reason for anyone to access plaintiff's consumer report without plaintiff's consent.

18. The sending of <u>Exhibit A</u> does not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, in that:

    a. The purported offer is vague and totally lacking in terms. It has no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for

accessing a consumer report. <u>Cole v. U. S. Capital, Inc.</u>, 389 F.3d 719 (7th Cir. 2004).

    b.  15 U.S.C. §1681m(d) requires that a "firm offer" must contain certain disclosures in a "clear and conspicuous" manner. Section 1681m(d) provides:

> **(d) Duties of users making written credit or insurance solicitations on the basis of information contained in consumer files**
>
> > **(1) In general.**--Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement that--
> >
> > > (A) information contained in the consumer's consumer report was used in connection with the transaction;
> > >
> > > (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was selected for the offer;
> > >
> > > (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
> > >
> > > (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
> > >
> > > (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.
> >
> > **(2) Disclosure of address and telephone number.**--A statement under paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section

1681b(e) of this title.

(3) Maintaining criteria on file.--A person who makes an offer of credit or insurance to a consumer under a credit or insurance transaction described in paragraph (1) shall maintain on file the criteria used to select the consumer to receive the offer, all criteria bearing on credit worthiness or insurability, as applicable, that are the basis for determining whether or not to extend credit or insurance pursuant to the offer, and any requirement for the furnishing of collateral as a condition of the extension of credit or insurance, until the expiration of the 3-year period beginning on the date on which the offer is made to the consumer. . . .

c. The required statements are not clear and conspicuous as required.

## VIOLATION ALLEGED

19. Defendant obtained the consumer report of plaintiff Nancy R. Murray and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

20. The FCRA, 15 U.S.C. §1681n, provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

5

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

17. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

## CLASS ALLEGATIONS

21. This claim is brought on behalf of a class, consisting of all persons with Illinois addresses to whom defendant sent or caused to be sent material in the form represented by Exhibit A on or after a date two years prior to the filing of this action and before 20 days after the filing of this action.

22. According to Exhibit A, the consumer report of each such individual was accessed.

23. The class is so numerous that joinder of all members is impracticable.

24. Exhibit A is obviously a form document.

25. Based on the use of a bar-coded address, Exhibit A was sent to at least 200 persons. (The postal service gives rate discounts to mailers who send at least 200 identical mail pieces that are bar-coded and pre-sorted.)

6

26. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA.

27. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

28. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

29. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    a. Appropriate damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as is appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

I:\case\avalon14.166\pleading\cmplt.wpd

**EXHIBIT A**



*Follow the Easy Road to Your Pre-Approval*

 

**MATTESON IMPORTS
PROGRAM HEADQUARTERS**
5856 Miller Circle Dr. • Matteson, IL 60443

Presorted
Standard
US Postage
PAID
Mail Direct

Nancy Murray
1342 Steven Smith Dr
Joliet, IL 60431-2772

**PERSONAL APPROVAL CODE #**

Redacted

 

*Illinois* 11-04

# Murray

**MATTESON IMPORTS**
Land of Lincoln

Please Be Careful Not To Discard Or Lose This Notice...

# PRE-APPROVED FOR FINANCING

*The Matter Of:* Nancy Murray,

You have been pre-approved for an auto loan (see below for terms & conditions). Information contained in your credit bureau report, obtained from a consumer reporting agency was used in connection with selecting you for this offer.

The amount of the loan may vary. For security reasons, the approved amount is not listed. Just call toll free **1-877-866-0645**, with your personal approval code listed on the front, to find out what your approval amount is.

This offer has been extended to you because you have satisfied criteria for credit worthiness used to select consumers for this pre-approved offer.

Your pre-approval is valid at Matteson Imports (see below) who has agreed to mark down all of their New and Pre-owned Car inventory to keep within the guidelines of your pre-approval.

ZERO CASH DOWN PAYMENT: Many times your trade-in is sufficient for a down payment. Participating banks and lending institutions have approved trade-ins on your transaction and special appraisers will be on hand to ensure that you receive top dollar for your present vehicle.

## TO DETERMINE YOUR PRE-APPROVAL AMOUNT:

*Step 1:* From a touch tone phone call the Autoproval fully automated toll free number 1-877-866-0645.

*Step 2:* Enter your Personal Approval Code Number (listed on the front).

*Step 3:* Your identity will be verified and your pre-approval amount will be given. Write down your pre-approval amount in the space provided below.

*Step 4:* Present this letter upon entering the dealership listed below.
(Note: Be prepared to accept immediate delivery of your new or pre-owned vehicle)

*Authorized Dealer:*
**Matteson Imports**
I-57 & Rt. 30
in the Matteson Auto Mall
708.720.5000
Ask for Denise or Fred

*Offer Valid:*
Through This
Week Only!
M-F: 9am - 9pm
Sat: 9am - 6pm



Approval Amount: $ _____



*You have been pre-approved for an auto loan up to $24,000. This offer is available for 30 days from the date of this letter, and is conditioned upon obtaining a first lien security interest in your vehicle. You received this offer based on information in your credit report and upon your satisfying certain predetermined credit criteria used to select individuals for this offer. This offer is conditioned upon verification that you continue to meet the specific criteria used to select you for this offer. Credit may be refused if you no longer meet those criteria or other applicable criteria bearing on creditworthiness or if your vehicle does not meet collateral guidelines. There is a limit of one pre-qualified credit offer per customer, which may be applied to an eligible new or used vehicle. Specific credit terms such as APR, length of contract, payment amount, and amount of credit, are subject to finance program parameters. Your pre-approved reservation code is R043. Dealer assumes no responsibility for incorrect information supplied by various credit reporting agencies. You have the right to prohibit the use of information in your file maintained by the consumer reporting agencies from being used in transactions not initiated by you, by calling 1-888-5OPTOUT (1-888-567-8688), or writing Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123.©Avalon Marketing